*88 Robinson, J.,
¶ 32. concurring. I concur with the majority’s mandate and agree with its opinion except as to one point. I write separately because I believe that the majority opinion wrongly suggests that our application of a subdivision permit condition should be guided by the subjective intention of an individual who proposes a subdivision permit rather than the government body that actually issues the permit. See ante, ¶¶ 13-14.
¶ 33. The majority acknowledges that permit conditions are construed according to normal rules of statutory construction, with a focus on implementing the intent of the drafters. Ante, ¶ 12 (citing Agency of Nat. Res. v. Weston, 2003 VT 58, ¶ 16, 175 Vt. 573, 830 A.2d 92 (mem.)); see also Sec’y v. Handy Family Enters., 163 Vt. 476, 481, 660 A.2d 309, 312 (1995) (“We see no reason to depart from normal statutory construction techniques in interpreting permit conditions. We strive to implement the intent of the draftspersons.”). But, then the majority asserts that the intent of a landowner who drafts a subdivision permit application, rather than that of the planning commission that actually approves the permit, is the operative intent of the drafters. See ante, ¶ 13 (explaining that because goal is to implement intent of draftspersons, intent of Mr. Wagner, who proposed the tree line condition as part of his subdivision permit is operative); ante, ¶ 14 (describing Mr. Wagner’s reasons for including tree line condition).
¶ 34. A subdivision permit reflects a governmental act, and the relevant intent is not that of the applicant for the permit, but rather the intent of the governmental body that issues the permit. To suggest otherwise would be like suggesting that the relevant legislative intent in construing a statute is the intent of the lobbyist who first offered the language for consideration, or the individual legislator who introduced a bill, rather than the legislative body that actually adopted that language. Cf. Graham Cty. Soil & Water Conservation Dist. v. United States ex rel. Wilson, 559 U.S. 280, 297-98 (2010) (concluding that letter written by primary sponsors of statute thirteen years after its enactment explaining their intent is of scant or no value); Trudell v. State, 2013 VT 18, ¶ 27, 193 Vt. 515, 71 A.3d 1235 (“Courts generally give little weight to an individual legislator’s interpretation of the law once enacted because it cannot reflect the thought processes of the entire Legislature.” (citing Barber v. Thomas, 560 U.S. 474, 485 (2010))); State v. Madison, 163 Vt. 360, 373-74, 658 A.2d 536, 545 (1995) (explaining that comments of individual legislators *89 regarding their understanding of meaning of statute “are of little weight in determining legislative intent, unless they also exist in a written report that was available for review by the full legislature before passing the bill”).
¶ 35. Any purpose or intention that Mr. Wagner actually conveyed to the Planning Commission when it reviewed his subdivision application may be relevant to discerning the Planning Commission’s understanding and intent with respect to the meaning of the permit, and an assessment of the likely purpose behind a condition like the one at issue here may be a permissible consideration to the extent the plain language of the condition is ambiguous. But, what Mr. Wagner and his wife subjectively sought to accomplish relative to their view of the meadow, in and of itself, is not information that in any way advances our understanding of the meaning of the tree line boundary on the plat plan. I do not join the majority opinion on these points.